Adriana BOTELLO, in her capacity as the Administrator of the Estate of Rene Botello, Plaintiff–Appellant,

v.

Richard GAMMICK; John Helzer; and Washoe County, Defendants–Appellees.

No. 07–17243.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed June 12, 2009.

Terri Keyser–Cooper, Esq., Law Office of Terry Keyser–Cooper, Reno, NV, for Plaintiff–Appellant.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Stephen C. Balkenbush, Dep. D.A., Thorndal, Armstrong, Delk, Balkenbush & Eisinger a Professional Corporation Law Offices, Debra O. Waggoner, Esq., Maupin Cox & Legoy, Brian M. Brown, Esq., Washoe County District Attorney, Reno, NV, for Defendants–Appellees.

Before: SILER,* KLEINFELD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Adriana Botello, in her capacity as administrator of the estate of Rene Botello, appeals the district court's judgment after trial in favor of District Attorney Richard Gammick, Assistant District Attorney John Helzer, and Washoe County in Rene Botello's First Amendment retaliation case. Because the parties are familiar with the relevant facts, we discuss them only as necessary. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

■ In order to establish a First Amendment retaliation claim against a government employer, a government employee must show that (1) he engaged in protected speech; (2) the employer took "adverse employment action"; and (3) his speech was a "substantial or motivating factor" for the adverse action. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The district court erred in finding Botello did not engage in constitutionally protected speech. His comments to the State of Nevada Attorney General ("AG")—questioning the accuracy of a nurse in the Child Abuse Response and Evaluation ("CARES") program and requesting an audit—involved a matter of public concern and were made as a private citizen, rather than in his official capacity. Botello was acting outside the scope of his official duties and was attempting to reveal potential wrongdoing by the DA's office or the CARES program, not expressing personal dissatisfaction with internal office affairs or furthering some purely private interest. *Ulrich v. City & County of S.F.,* 308 F.3d 968, 979 (9th Cir.2002). Identifying himself as a "detective" and seeking protection from employer retaliation do not change the nature of his speech from a public concern to a private grievance or indicate that he was not acting as a private citizen. *Garcetti v. Ceballos,* 547 U.S. 410, 420–21, 425, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Thus, Botello established the first prong of his First Amendment retaliation claim.

■ The district court properly determined that the Defendants did not engage in any adverse action related to Botello's employment as a school police officer. The prosecutors are absolutely immune for their decision not to use Botello as a witness. *Botello v. Gammick,* 413 F.3d 971, 977 (9th Cir.2005). And, the district court did not commit clear error in finding that the Defendants did not attempt to interfere with any administrative or investigative functions such as hiring, how to use Botello, or how to staff or conduct criminal investigations. Thus, Botello's First Amendment retaliation claim for interference with his school police officer position fails.

■ However, the district court abused its discretion by excluding evidence on Defendant Gammick's alleged interference with Botello's position as a truancy officer. Although not asserted in his complaint, Botello's truancy officer claim was included in the joint pre-trial order as well as in summary judgment proceedings before the district court. The pre-trial order functions as a pleading, and the parties had sufficient notice of the claim. Fed. R.Civ.P. 16; *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 719 (9th Cir. 2004); *In re Hunt,* 238 F.3d 1098, 1101 (9th Cir.2001). The district court's error was not harmless. The prosecutor could not invoke absolute immunity for any interference with the truancy officer position because this position would not require Botello to testify as a witness and would have no connection to the prosecutor's judicial function. Further, Botello presented sufficient evidence for this claim to be considered by the court in its bench trial. Thus, we remand this case to the district court to determine whether Gammick engaged in an adverse action or was substantially motivated by Botello's constitutionally protected speech in the first instance.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**